**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| IDQ OPERATING, INC., <br><br> Plaintiff, <br><br> v. <br><br> AEROSPACE COMMUNICATIONS HOLDINGS CO., LTD. <br><br> Defendant. | C.A. No. 6:15-cv-781 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff IDQ Operating, Inc. ("IDQ"), by its undersigned counsel, for its Complaint against Defendant Aerospace Communications Holdings Co., Ltd. ("Defendant"), hereby alleges as follows:

**THE PARTIES**

1.     Plaintiff IDQ is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 2901 West Kingsley Road, Garland, Texas 75041.

2.     Upon information and belief, Defendant is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at No. 2 AeroCom Building, No. 138 Jiefang Road, Hangzhou, China 310009.

3.     On information and belief, Defendant offers for sale products in the United States that are regularly sold by its customers in the State of Texas and in this judicial district.

## JURISDICTION AND VENUE

4.      This is an action for patent, trademark, and copyright infringement arising under the United States patent, trademark, and copyright laws, Titles 35, 15, and 17 of the United States Code, respectively; for unfair competition under the United States trademark laws, 15 U.S.C. § 1114 (Lanham Act); for unfair competition and unjust enrichment under Texas statutory and common law; for tortious interference with prospective business relations under Texas common law; and for false patent marking under the United States patent laws,  35 U.S.C. § 292.

5.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the United States patent, trademark, and copyright laws, Titles 35, 15, and 17 of the United States Code, respectively.  This Court has supplemental jurisdiction over the Texas state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit acts of patent, trademark, and copyright infringement and other tortious acts causing harm in this judicial district and elsewhere in Texas by marketing and offering to sell products that infringe IDQ's patent, trademark, and copyright rights, or in a manner that induces infringement of IDQ's patent rights, or in a manner that infringes IDQ's trademarks and copyrights, entitling IDQ to relief.

7.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## IDQ'S PRODUCTS AND INTELLECTUAL PROPERTY

8.      IDQ originated and is the recognized leader in the category of "do-it-yourself"
products for adding refrigerant ("recharging") to vehicle air conditioners that have lost
refrigerant over time.  Before IDQ's innovations, typically only professional mechanics
recharged vehicle air conditioners, which was often time-consuming and expensive.

9.      Just over a decade ago, IDQ introduced a revolutionary product including
refrigerant in a container, with a delivery hose and a "quick connect" coupler for connection to
the vehicle air conditioner.  This product enabled consumers to add refrigerant themselves, as
needed, without the expense and time of taking the vehicle in for service.  Some versions of the
product additionally included a gauge for measuring pressure in the vehicle air conditioner.

10.      IDQ's recognized brands of do-it-yourself refrigerant kits include A/C PRO®,
ARCTIC FREEZE®, SUB-ZERO®, EZ CHILL®, and BIG CHILL® (together, the "All-in-One
Products").  IDQ refers to these products as "All-in-One" because they include everything
consumers need to service vehicle air conditioners.

11.      IDQ's All-in-One Products are marketed throughout the United States by retail
establishments such as those operated by AutoZone, Inc., The Home Depot U.S.A. Inc., Advance
Auto Parts, Inc., Meijer, Inc., National Automotive Parts Association, O'Reilly Auto Parts, Pep
Boys, Wal-Mart Stores, Inc., and Kmart Corporation.

12.      IDQ manufactures its All-in-One Products in its facility in Garland, Texas, and
stores the products in a warehouse near that facility.

13.      As a service to consumers using its products, IDQ maintains a website at
www.idqusa.com that presents detailed instructions, videos, product descriptions, news, and
other information about the All-in-One Products, and in particular, contains an ASK THE PRO®

section where consumers can obtain access to online help, e-mail assistance, or help over the telephone.  Further, IDQ includes numerous videos on its website that demonstrate how to recharge a vehicle air conditioner with IDQ's All-in-One Products.

14.     In addition to its website, IDQ provides consumers with printed materials and labels, including detailed instructions, for its All-in-One Products.

15.     IDQ has authored and owns all content available on its www.idqusa.com website and all content of its printed materials and labels for its All-in-One Products.

16.     IDQ's labels, web site  at www.idqusa.com and content, brochures, policies, images, and videos therein constitute copyrightable subject matter under the U.S. Copyright Act of 1976 (the "U.S. Copyright Act"), 17 U.S.C. § 101 *et seq.*, and are entitled to protection thereunder.

17.     At all relevant times, IDQ was and is the sole and exclusive owner of all right, title, and interest in and to the copyrights for IDQ's copyrighted works as set forth herein.  IDQ is the applicant in pending applications for copyright registrations for the works titled "SUB-ZERO label," "EZ CHILL label" and "Transcript for Video 'How to Recharge Your Car AC with A/C PRO'" electronically filed on an expedited basis on August 13, 2015 and the work titled "IDQUSA.COM website (2012 version)" electronically filed on an expedited basis on August 14, 2015 with the U.S. Copyright Office. These applications were assigned the following Case/SR## 1-2634224422, 1-2634224351, 1-2634224517, and 1-2640414141, respectively (hereinafter individually and collectively referred to as "Copyrighted Works").

18.     IDQ has invested significant time and resources in developing and obtaining intellectual property related to the All-in-One Products, including, but not limited to, patents, trademarks, and copyrights.

19.     United States Patent No. 7,260,943 (the " '943 patent") titled "Apparatus and Method for Servicing a Coolant System" was duly and legally issued by the United States Patent and Trademark Office on August 28, 2007.  A true and correct copy of the '943 patent is attached hereto as Exhibit A.

20.     IDQ owns all right, title, and interest in and to the '943 patent.

21.     IDQ marks its A/C PRO® and ARCTIC FREEZE® products with the '943 patent number.  *See* photographs attached as Exhibit B.

22.     On November 20, 2012, the United States Patent and Trademark Office registered the mark ASK THE PRO® for "vehicle air conditioning technological consultation services in connection with the maintenance of vehicle air conditioners; vehicle air conditioning technological consultation services in connection with the repair of vehicle air conditioners; vehicle air conditioning web site consultation in connection with the maintenance of vehicle air conditioners; vehicle air conditioning web site consultation in connection with the repair of vehicle air conditioners" with Registration No. 4,244,354.  A true and correct copy of the registered ASK THE PRO® mark is attached as Exhibit C.

23.     IDQ owns all right, title, and interest in and to the ASK THE PRO® mark.

**DEFENDANT'S ACTS GIVING RISE TO THIS ACTION**

24.     Upon information and belief, Defendant is in the business of manufacturing and supplying air conditioning refrigerant ("AeroCool R-134a refrigerant").  Defendant offers its AeroCool R-134a refrigerant as part of a vehicle air conditioner recharging system manufactured by Defendant that includes a container for the refrigerant, a trigger dispenser, a hose, a gauge, and a connector (together, the "AeroCool R-134a Product" or the "Product" or "Products").  Upon information and belief, Defendant offers its Products for sale in the United States to one or

more retailers, who in turn sell those Products in this judicial district.  Specifically, Defendant's AeroCool R-134a Product can be purchased in this judicial district, in at least, the Tyler Walmart Supercenter located at 6801 S. Broadway Ave., Tyler, Texas, 75703.  *See* photograph and receipt attached as Exhibit D.

25.     Defendant, through these practices, is unfairly trading on the goodwill, marketing and development efforts, and intellectual property of IDQ.

26.     Defendant's website at www.aerocousa.com contains numerous web pages and other content copied directly from IDQ's website.  *See* Exhibit E.

27.     Defendant uses the phrase "Ask the Pro" on its website in a manner that is confusingly similar to IDQ's mark ASK THE PRO®.

28.     Defendant provides on its website an instructional video having a transcript almost identical to that of IDQ's instructional video entitled "How to Recharge Your Car AC with A/C PRO" provided on IDQ's web site.  *See* printout of web page displaying link to video on Defendant's web site and printout of web page displaying link to video on IDQ's web site, Exhibit F.

29.     Defendant has further copied printed materials, including instructions and labeling, from IDQ's All-in-One Products and has used those copies for its own AeroCool R-134a Product and on its web site.

30.     Defendant is aware of the '943 patent, at least because IDQ has marked the '943 patent number on its A/C PRO® and ARCTIC FREEZE® products and because Defendant's Product is substantially identical to the embodiment shown in Figure 11 of the '943 patent.

31.     Upon information and belief, Defendant sells its AeroCool R-134a Product to retailers located in the United States and this judicial district knowing and intending that these

retailers will then sell Defendant's AeroCool R-134a Product to consumers in the United States and this judicial district and knowing and intending that these consumers will recharge their vehicle air conditioners using the AeroCool R-134a Product in a manner that infringes the '943 patent and these consumers then use the AeroCool R-134a Product in a manner that directly infringes the '943 patent.

32.     Defendant has directly infringed, or induced or contributed to the infringement of the '943 patent by offering for sale in the United States the AeroCool R-134a Product and inducing consumers, through instructions Defendant makes available to those consumers, to use the Product in a manner that infringes the '943 patent in the United States and in this judicial district and these consumers then use the AeroCool R-134a Product in a manner that directly infringes the '943 patent.

33.     Defendant's actions have damaged IDQ in an amount yet to be ascertained, and has irreparably harmed, and continues to irreparably harm IDQ, including by usurping IDQ's sales and business opportunities.

## COUNT I

### (Infringement of the '943 Patent)

34.     IDQ realleges paragraphs 1-33 as if fully set forth herein.

35.     Defendant has directly infringed and continues to directly infringe one or more claims of the '943 patent, either literally or under the doctrine of equivalents, by offering for sale the AeroCool R-134a Product that embodies each element of at least one claim of the '943 patent, without the authorization, consent, or permission of IDQ with such acts constituting acts of patent infringement under 35 U.S.C. § 271.

36.     Since at least May 2015, Defendant has knowingly and intentionally induced, and continues to knowingly and intentionally induce, others throughout the United States and in this judicial district to use, sell, offer for sale, and/or import the AeroCool R-134a Product in a manner that Defendant knows and intends to infringe the '943 patent, including by offering its AeroCool R-134a Product for sale to retailers, and explicitly promoting to consumers and instructing those consumers in the use of its AeroCool R-134a Product with such acts constituting acts of patent infringement under 35 U.S.C. § 271.  These consumers then use the AeroCool R-134a Product in a manner that directly infringes the '943 patent.

37.     Defendant has contributed to the infringement of the '943 patent and continues to do so by offering its AeroCool R-134a Product for sale to retailers in the United States and this judicial district, knowing that this Product and its use directly infringe the '943 patent, constitute a material part of the invention, were especially made or especially adapted for use in infringement of the '943 patent, and have no substantial non-infringing uses with such acts constituting acts of patent infringement under 35 U.S.C. § 271.

38.     Defendant's past and continuing infringement of the '943 patent has damaged IDQ in an amount to be determined at trial.

39.     Defendant's past and continuing infringement of the '943 patent has irreparably harmed IDQ, and Defendant's infringement will continue, unless enjoined by this Court pursuant to 35 U.S.C. § 283.

40.     Upon information and belief, Defendant's infringement has been, and will continue to be, willful, making this an exceptional case and entitling IDQ to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.  Defendant is aware of the '943 patent, at least because IDQ has marked the '943 patent number on its A/C PRO® and

ARCTIC FREEZE® products.  Defendant's knowledge of the '943 patent is also shown by Defendant's copying of the embodiment shown in Figure 11 of the '943 patent.  This copying also shows that Defendant is aware that its acts constituted infringement of the '943 patent.

## COUNT II

### (Trademark Infringement)

41.     IDQ realleges paragraphs 1-40 as if fully set forth herein.

42.     IDQ is the owner of Federal Trademark Registration No. 4,244,354, which issued on November 20, 2012, on the Principal Register of the United States Patent and Trademark Office.  The registration for the mark ASK THE PRO® covers the following services:  "vehicle air conditioning technological consultation services in connection with the maintenance of vehicle air conditioners; vehicle air conditioning technological consultation services in connection with the repair of vehicle air conditioners; vehicle air conditioning web site consultation in connection with the maintenance of vehicle air conditioners; vehicle air conditioning web site consultation in connection with the repair of vehicle air conditioners."

43.     IDQ first used the mark ASK THE PRO® in commerce on May 1, 2011, and has used it continually since.  IDQ has neither canceled nor abandoned the mark ASK THE PRO®. IDQ has invested substantial time, effort, and financial resources promoting the mark ASK THE PRO® and it has become an asset of substantial value as a symbol of IDQ, its goodwill, and its services provided in connection with its products.

44.     IDQ's ASK THE PRO® mark is inherently distinctive as used in conjunction with IDQ's services provided in connection with its products.

45.     Notwithstanding IDQ's established rights in the mark ASK THE PRO®, Defendant has used and continues to use the ASK THE PRO® mark on Defendant's website in a

manner that is confusingly similar to the use of IDQ's mark on its own IDQ website.  *See* web

pages from Defendant's web site and IDQ's web site, Exhibit G.

46.     Defendant has engaged in its infringing activity despite having constructive notice

of IDQ's federal registration rights under 15 U.S.C. § 1072.

47.     Upon information and belief, and based on the substantial copying of language on

IDQ's website, Defendant has advertised and offered its services and goods for sale using the

ASK THE PRO$^®$ mark with the intention of misleading, deceiving, or confusing consumers as to

the origin of its services and goods and trading on IDQ's reputation and goodwill.

48.     Defendant's unauthorized use of the ASK THE PRO$^®$ mark constitutes trademark

infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or

deception.

49.     As a direct and proximate result of Defendant's trademark infringement, IDQ has

suffered and will continue to suffer loss of income, profits, and goodwill, and Defendant has and

will continue to unfairly acquire income and profits.

50.     Defendant's acts of infringement will cause further irreparable injury to IDQ if

Defendant is not restrained by this Court from further violation of IDQ's rights.  IDQ has no

adequate remedy at law.

## COUNT III

### (Copyright Infringement)

51.     IDQ realleges paragraphs 1-50 as if fully set forth herein.

52.     IDQ is the exclusive owner of all right, title, and interest in and to IDQ's

Copyrighted Works.  IDQ has applied for registrations with the U.S. Copyright Office for its

Copyrighted Works related to its All-in-One Products.

53.     Defendant has distributed a web site and content therein, including videos, printed materials, and labels to the public in the United States and this judicial district that are substantially similar to IDQ's Copyrighted Works, in violation of the exclusive rights granted to IDQ under 17 U.S.C. § 106.

54.     IDQ's Copyrighted Works are protectable subject matter under the U.S. Copyright Act.

55.     Defendant's reproduction and distribution of IDQ's Copyrighted Works (or of content derived from IDQ's Copyrighted Works) and/or content substantially similar to IDQ's Copyrighted Works, constitute infringement of IDQ's copyrights therein in violation of 17 U.S.C. § 501(a).

56.     Pursuant to 17 U.S.C. § 504, IDQ is entitled to recover from Defendant the damages it has sustained and will sustain as a result of Defendant's wrongful acts as alleged above in an amount to be established at trial, and IDQ is further entitled to recover from Defendant the profits Defendant made from the wrongful acts.

## COUNT IV

### (Unfair Competition Under the Lanham Act)

57.     IDQ realleges paragraphs 1-56 as if fully set forth herein.

58.     Defendant includes on the container for its Product an address for a Post Office Box in Hoover, Alabama allegedly to which a consumer can write in order to obtain assistance in the use of the Product.  *See* photographs of relevant portions of AeroCool R-134a Product, Exhibit H.

59.     On information and belief, the address that Defendant places on its Product does not correspond to any physical address or facility owned or maintained by Defendant in Hoover, Alabama or in any location anywhere in the United States.

60.     Defendant thus places the Hoover, Alabama address on its Product to create in the mind of the consumer the false and erroneous impression that Defendant has a presence in the United States, and particularly in Alabama, when in fact it does not.

61.     Defendant is thus using a false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its goods, services, or commercial activities with such acts constituting acts of unfair competition in violation of 15 U.S.C. § 1125(a).

62.     Upon information and belief, Defendant's unfair competition has been willful and malicious, constituting an exceptional case under 15 U.S.C. §1117(a).

63.     As a direct result of Defendant's unlawful and unfair competition, IDQ has suffered and continues to suffer damages in the United States and this judicial district.

## COUNT V

### (Unfair Competition Under Texas Law)

64.     IDQ realleges paragraphs 1-63 as if fully set forth herein.

65.     Defendant's use of IDQ's mark, misappropriation of IDQ's Copyrighted Works, misrepresentations as to its presence in the United States, and in general free riding on the time, effort, and expense IDQ has invested in creating and supporting the "All-in One" Product category and its brands in that category, constitute acts of unfair competition under the statutory and common law of unfair competition of the State of Texas.

66.     Defendant has improperly used and improperly sought to benefit from the efforts, goodwill, and reputation of IDQ.

67.     As a direct result of Defendant's unlawful and unfair competition, IDQ has suffered and continues to suffer damages in the United States and this judicial district.

## COUNT VI

### (Unjust Enrichment Under Texas Common Law)

68.     IDQ realleges paragraphs 1-67 as if fully set forth herein.

69.     Defendant's use of IDQ's mark, misappropriation of IDQ's Copyrighted Works, misrepresentations as to its presence in the United States, and in general free riding on the time, effort, and expense IDQ has invested in creating and supporting the "All-in One" Product category and its brands in that category, constitute acts of unjust enrichment under the common law of the State of Texas.

70.     Defendant has improperly sought to usurp benefit to itself from the efforts, goodwill, and reputation of IDQ.

71.     As a direct result of Defendant's unjust enrichment, IDQ has suffered and continues to suffer damages in the United States and this judicial district.

## COUNT VII

### (Tortious Interference With Prospective Business Relations)

72.     IDQ realleges paragraphs 1-71 as if fully set forth herein.

73.     IDQ, by and through its use of its ASK THE PRO® mark, was reasonably likely to enter into business relations with prospective consumers.

74.     On information and belief, Defendant intentionally interfered with IDQ's prospective, foreseeable business relations by infringing IDQ's patent rights, inducing and contributing to infringement of those patent rights by others, diluting IDQ's trademark, and creating confusion in the market about IDQ's trademark.

75.     Defendant's activities were and are independently tortious and unlawful.

76.     Defendant's tortious interference has caused injury to IDQ directly and has detrimentally impacted IDQ's ability to consummate its prospective business relations with its customers.

77.     As a direct result of Defendant's tortuous interference, IDQ has suffered and continues to suffer damages in the United States and this judicial district.

## COUNT VIII

### (False Marking Under 35 U.S.C. § 292)

78.     IDQ realleges paragraphs 1-76 as if fully set forth herein.

79.     Defendant marks and has marked the container of its AeroCool R-134a Product with the term "PAT. NO. PENDING" implying that an application for a U.S. patent has been

made for all or some portion of that Product.  *See* photograph of relevant portion of AeroCool R-134a Product, Exhibit I.

80.     On information and belief, despite this marking, Defendant has not filed or caused to be filed any patent application in the United States for all or some portion of its AeroCool R-134a Product.  Defendant's marking of the container portion of its AeroCool R-134a Product is thus false and misleading.

81.     Defendant knew or reasonably should have known that it had not filed or caused to be filed any patent application in the United States for all or some portion of its AeroCool R-134a Product.  Defendant knew or reasonably should have known that marking the AeroCool R-134a Product with a term indicating that a patent application was pending was false marking in violation of 35 U.S.C. § 292.  Defendant also has control over the false marking of its AeroCool R-134a Product.  Defendant is thus acting with the purpose and intent of deceiving the public in violation of 35 U.S.C. §292(b).

82.     IDQ has suffered economic damage as a result of Defendant's intentional false marking of the AeroCool R-134a Product.

83.     Each time Defendant offers to sell refrigerant dispensing systems containing false patent markings within the United States, such as described above, Defendant commits at least one "offense" as defined in 35 U.S.C. § 292(a).

## PRAYER FOR RELIEF

WHEREFORE, IDQ respectfully requests that the Court:

a)     Declare that Defendant has directly infringed, induced others to infringe, and/or contributed to the infringement of the '943 patent;

b)      Declare that Defendant has willfully infringed IDQ's patent rights, as asserted herein;

c)      Declare that Defendant has infringed IDQ's mark ASK THE PRO®, as asserted herein;

d)      Declare that Defendant has infringed IDQ's rights in IDQ's Copyrighted Works, as asserted herein;

e)      Permanently enjoin Defendant from directly infringing, inducing others to infringe, or contributing to the infringement of the '943 patent, including by specifically prohibiting Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from manufacturing, using, importing, selling, and offering to sell, in the United States any product that falls within the scope of any claim of the '943 patent and from providing instructions on how to use any product in an infringing manner;

f)      Order an accounting for all monies received by or on behalf of Defendant and all damages sustained by IDQ as a result of Defendant's infringements;

g)      Order Defendant to recall all infringing Products from its customers;

h)      Award IDQ damages in an amount to be demonstrated at trial adequate to compensate IDQ fully for damages caused by Defendant's direct and indirect infringement of the '943 patent, IDQ's trademark ASK THE PRO®, and IDQ's Copyrighted Works;

i)      Award IDQ increased damages pursuant to 35 U.S.C. § 284;

j)      Award IDQ its reasonable attorneys' fees and litigation expenses, pursuant to 35 U.S.C. § 285;

k)      Award IDQ prejudgment interest and costs pursuant to 35 U.S.C. § 284;

l)      Permanently enjoin and restrain Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the mark ASK THE PRO®;

m)      Pursuant to 15 U.S.C. § 1116(a), direct Defendant to file with the Court and serve on IDQ within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

n)      Pursuant to 15 U.S.C. § 1118, require Defendant, at its cost, to deliver and destroy all materials in its possession and all web pages and content in its control bearing the infringing mark;

o)      Award to IDQ all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

p)      Permanently enjoin Defendant from infringing IDQ's Copyrighted Works, including by specifically prohibiting Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from infringing IDQ's Copyrighted Works;

q)      Pursuant to 17 U.S.C. § 503, direct the impoundment and destruction or the complete erasure of all materials made or used by Defendant and its agents in violation of IDQ's exclusive rights in its Copyrighted Works, including, but not limited to, all digital and printed materials, content and products that are substantially similar or incorporate IDQ's Copyrighted Works;

r)      Pursuant to 17 U.S.C. § 504(b), award damages to IDQ from Defendant in an amount to be determined by applicable law;

s)      Pursuant to 35 U.S.C. § 292, award damages to IDQ from Defendant adequate to compensate IDQ for the commercial and other economic injury suffered by IDQ as a result of Defendant's false marking;

t)      Declare this case to be exceptional and award IDQ its reasonable and necessary attorneys' fees and court costs in prosecuting this action; and

u)      Award IDQ such other and further relief as the Court may deem just and proper.

### <u>REQUEST FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38, IDQ hereby demands trial by jury as to all issues so triable in this action.

Dated: August 17, 2015                          Respectfully submitted by:

*/s/ Allen F. Gardner*
Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
Allen F. Gardner
SBN: 24043679
allengardner@potterminton.com
POTTER MINTON, PC
110 North College
Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

Of Counsel:
Janine A. Carlan (DC Bar No. 464254)
Anthony W. Shaw (DC Bar No. 362746)
ARENT FOX LLP
1717 K St., N.W.
Washington, DC 20006
Phone: (202) 857-6000
Fax: (202) 857-6395
janine.carlan@arentfox.com
anthony.shaw@arentfox.com

Marylee Jenkins
**ARENT FOX LLP**
1675 Broadway
New York, NY 10019
Phone: (212) 484-3900
Fax: (212) 484-3990
marylee.jenkins@arentfox.com

**COUNSEL FOR PLAINTIFF
IDQ OPERATING, INC.**