IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IDQ OPERATING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AEROSPACE COMMUNICATIONS HOLDINGS CO., LTD., <br><br> Defendant. | Case No. 6:15-cv-00781-JRG-KNM <br><br> **JURY TRIAL DEMANDED** |

### DECLARATION OF LIONEL LAVENUE IN SUPPORT OF AEROSPACE COMMUNICATIONS HOLDINGS CO., LTD.'S MOTION TO QUASH SERVICE OF THE COMPLAINT

I, Lionel Lavenue, declare as follows:

1. I am lead counsel for Defendant Aerospace Communications Holdings Co., Ltd ("ACH"). I am knowledgeable about the facts set forth herein and make this declaration in support of Aerospace Communications Holdings Co., Ltd.'s Motion to Quash Service of the Complaint.

2. Beginning at least in October 2015, the parties began discussions regarding a potential waiver of service. Specifically, the parties were negotiating waiver of formal service via the Hague Convention in exchange for a 120-day extension of time to respond to the Complaint.

3. On November 5, 2015, counsel for IDQ filed, albeit erroneously, a notice that service had been completed, allegedly based on service at the AAPEX trade show on November 3, 2015.

4. Approximately on or after November 5, 2015, I contacted counsel for IDQ and requested a 40-day extension of time to respond to the Complaint.

5. During the week of November 9, 2015, rather than agree to the extension, or offer a shorter extension, counsel for IDQ stated that any extension of time to respond to the Complaint would be conditioned upon ACH's agreement "not to challenge service."

6. On November 16, 2015, the parties conducted a meet-and-confer conference. At that conference, I informed counsel for IDQ that the attempted service upon ACH at the trade show was improper and ineffective and that ACH planned to move to quash service.

7. On November 17, 2015, one day after the meet-and-confer when I advised counsel for IDQ that ACH planned to move to quash service, counsel for IDQ sent a letter to me, attempting to serve the Complaint on me. I immediately responded that this attempted service was "desperate and improper" and that "I do not accept service for ACH" as "I have not entered a notice of appearance, and my forthcoming notice of appearance for ACH will only by special appearance to contest service and other required tasks."

8. On November 18, 2015, counsel for IDQ advised that IDQ opposed the motion to quash.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 19, 2015

*/s/ Lionel M. Lavenue*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive

Reston, VA 20190
Phone: (571) 203-2700
Fax:     (202) 408-4400

ATTORNEY FOR DEFENDANT AEROSPACE COMMUNICATIONS HOLDINGS CO., LTD. (for the limited purposes of this Motion to Quash Service as well as other necessary papers in the case[1])

---

[1] This is a limited appearance only, and it does not allow IDQ to serve counsel for ACH, which would allow IDQ to benefit from the ineffective attempts at service and continued refusal to follow proper procedures for proper service of a foreign company under the Hague Convention.