IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | ) | |
|---|---|---|
| IDQ OPERATING, INC., | ) | |
| | ) | Case No. 6:15-cv-00781-JRG-KNM |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| vs. | ) | |
| | ) | |
| AEROSPACE COMMUNICATIONS HOLDINGS | ) | |
| CO., LTD., | ) | |
| | ) | |
| Defendant. | | |

### REPLY IN SUPPORT OF AEROSPACE COMMUNICATIONS HOLDINGS CO., LTD.'S MOTION TO EXPEDITE BRIEFING

Expedited briefing is needed in this case to address defective service, so that the upcoming deadlines in this case may be stayed until appropriate service occurs. Plaintiff IDQ submitted a Return of Service in this case, when IDQ knew of the possible defects in the service. Therefore, Defendant ACH should not be forced to begin the case on such specious pretenses.

IDQ asserts that ACH's request for expedited briefing should be denied for three reasons, all of which are baseless. First, IDQ claims that ACH waited too long to file the Motion to Quash and seek expedited briefing, but ACH filed its motion within 3 days of notifying IDQ that service was improper. Second, IDQ claims prejudice by expedited briefing, but the proposed expedited briefing schedule only reduces the time for response by 4 days—IDQ still has 13 days to prepare its response, and reducing the time to respond by 4 days is not prejudicial to IDQ. Third, IDQ claims that expedited briefing would require IDQ to work over the Thanksgiving holiday, but the response time is only shorted by a mere 4 days, so even if counsel for IDQ chooses not to work over the Thanksgiving holiday, IDQ still has 12 full calendar days, and 8 business days, so the expedited schedule in no way requires work over the Thanksgiving holiday.

1

**I.      ACH TIMELY FILED THE MOTION TO QUASH SERVICE**

ACH filed its motion within 3 days of notifying IDQ that service was improper. IDQ claims that ACH waited too long, but ACH did not even know of the defects in service, until IDQ highlighted them when IDQ "conditioned" an extension of time on waiving service defects.

On November 4, 2015, one day after IDQ had attempted service on ACH at a trade show in Las Vegas, counsel for ACH contacted counsel for IDQ. The parties had been negotiating a waiver of service, and counsel for ACH wanted to inquire about the attempted service at the trade show and the waiver of service; indeed, ACH was inclined to agree to waive service, in exchange for a 120-day extension of time to respond to the Complaint. However, IDQ did not timely respond to ACH on November 4. Instead, IDQ waited and filed a Return of Service on November 5, alleging that service had occurred at the Las Vegas trade show. Then, one day afterwards, on November 6, counsel for IDQ finally contacted counsel for ACH. During that call, for the first time, counsel for ACH requested a 40-day extension to respond to the Complaint, but IDQ responded that the extension would be "conditional," in that IDQ would approve the extension, *only if ACH agreed not to challenge service*. At that point, ACH had not investigated the full circumstances surrounding the purported service at the AAPEX trade show. And, indeed, it was this "conditional extension" that highlighted the possible defect in service.

ACH then conducted an investigation and determined that no ACH employee was ever served at the Las Vegas trade show —an investigation that required communications with representatives for ACH in China. Notably, counsel for ACH not only learned that no employees of ACH were authorized to receive service were present at the trade show, but counsel for ACH also learned that, at the time the process server appeared at the booth at the trade show, there were no ACH employees even present. Therefore, the process server failed to

serve any employee of ACH at the Las Vegas trade show. This investigation took several days, as counsel for ACH had to contact the employees of ACH in China to gather this information.

After counsel for ACH discovered that service at the trade show was clearly defective, counsel for ACH again discussed the issue of service with counsel for IDQ on November 16. And, at the conference, counsel for ACH first informed counsel for IDQ that it intended to file a Motion to Quash and requested a response as to whether IDQ would oppose the motion. IDQ did not substantively respond, despite more than one prompt from counsel for ACH, until November 18, 2015. *See* Exs. 1, 2, and 3. Indeed, before IDQ responded with a position on the Motion to Quash, IDQ again attempted a second failed service by attempting to serve counsel for ACH, even after counsel for ACH had advised that he would not accept service, and even though counsel for ACH had not entered a notice of appearance. Thus, after the second failed service, IDQ advised that it opposed the Motion to Quash, and ACH filed its Motion to Quash the very next day, on November 19. Therefore, ACH filed the Motion to Quash within 3 days of confirmation that the service was defective and within 3 day of notifying counsel for IDQ.

IDQ alleges that ACH could have filed the Motion to Quash earlier, but IDQ had not highlighted the defect in service (with the conditional extension) until November 6, and ACH took until November 16 to investigate the issues – only 10 days for the investigation. Then, ACH promptly notified IDQ and filed the Motion to Quash within 3 days of notification.

II.    **A SHORTENED BRIEFING SCHEDULE DOES NOT PREJUDICE IDQ**

The expedited briefing schedule does not prejudice IDQ. In the Motion for Expedited Briefing, ACH requests that IDQ's response brief be due by Wednesday, December 2, 2015, only expediting the full briefing by a mere 4 days (or a mere 1 day, not including Local Rules CV-6(a), 7(e)). Thus, the expedited schedule provides IDQ with a total of 13 calendar days to respond. This is more than adequate time to prepare a response, for which IDQ has the burden.

3

**III.    IDQ IS NOT REQUIRED TO WORK OVER THE THANKSGIVING HOLIDAY**

The expedited briefing schedule does not require IDQ to work over the Thanksgiving holiday. As the proposed expedited briefing schedule allots 13 calendar days to respond, IDQ has 4 business days <u>before</u> the Thanksgiving holiday and 4 business days <u>after</u> the Thanksgiving holiday, plus two weekends to prepare its response. In total, IDQ has 8 full business days, which is more than enough time to prepare its response without working on the Thanksgiving holiday.

**IV.    IDQ'S OWN ACTIONS ARE THE CAUSE OF THE EXPEDITED BRIEFING**

IDQ tried to serve ACH at a trade show but utterly failed and now tries to avoid the repercussions of that failure, even conditioning an extension of time on ignoring the defect in service. ACH has not delayed, but rather, ACH has diligently worked within the circumstances that IDQ created by IDQ's faulty acts. ACH thus requests that this Court expedite in accordance with the following schedule for the briefing for the Motion to Quash, such that a ruling will be possible (including oral argument, as needed) by the conference on December 8, 2015:

- December 2, 2015 - IDQ's Response Brief Due;
- December 4, 2015 – ACH Reply; and
- December 8, 2015 – Oral Argument, If Any.

Respectfully submitted,

Dated: November 25, 2015        */s/Lionel M. Lavenue*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP

ATTORNEY FOR DEFENDANT
AEROSPACE COMMUNICATIONS
HOLDINGS CO., LTD. (for the limited
purposes of the Motion to Quash Service as well
as other necessary papers in the case[1])

---

[1] This is a limited appearance only, and it does not allow IDQ to serve counsel for ACH, which would allow IDQ to benefit from the ineffective attempts at service and continued refusal to follow proper procedures for proper service of a foreign company under the Hague Convention.

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Phone:  (571) 203-2700
Fax:     (202) 408-4400

*Counsel for Defendant Aerospace Communications Holdings Co., Ltd.* (for the limited purposes of the Motion to Quash Service)

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following counsel of record who have appeared in this case on behalf of the identified parties:

/s/Lionel M. Lavenue

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Phone:  (571) 203-2700
Fax:     (202) 408-4400

*Counsel for Defendant Aerospace Communications Holdings Co., Ltd.* (for the limited purposes of the Motion to Quash Service)