# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| THE ARMOR ALL/STP PRODUCTS CO., | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. 6:15-CV-781 |
| AEROSPACE COMMUNICATIONS HOLDINGS CO., LTD., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Aerospace Communications Holdings Co., Ltd.'s Renewed Motion to Stay Pending the *Inter Partes* Review Proceedings (ECF 154). Having considered the motion, response, reply and sur-reply, the motion is **GRANTED**.

## BACKGROUND

IDQ Operating, Inc. ("IDQ") filed this lawsuit against Defendant Aerospace Communications Holdings Co., Ltd. ("ACH") asserting claims for infringement of U.S. Patent No. 7,260,943 ("the '943 patent"), trademark infringement, copyright infringement, Lanham Act unfair competition, and false marking, as well as state law claims for unfair competition, unjust enrichment, and tortious interference with prospective business relations. On July 5, 2016, the Court granted IDQ's Cross-Motion to Substitute or Join Party (ECF 99) and the Armor All/STP Products Company ("AA/STP") was substituted for IDQ for all purposes of this litigation, including as named plaintiff. The Court conducted a claim construction hearing on July 1, 2016. Jury Selection is scheduled for February 6, 2017.

ACH filed two petitions for *inter partes* review of the '943 patent on January 15, 2016 before the PTAB. The two petitions cover all claims of the patent-in-suit. ACH filed a motion seeking to stay this lawsuit pending *inter partes* review and trademark cancellation proceedings on February 17, 2016. ACH then filed an amended motion on March 7, 2016. Noting that the grant of a stay before the PTAB acts on the *inter partes* review petitions is premature, the Court denied the motions to stay without prejudice. The PTAB subsequently instituted trial on all claims of the '943 patent on July 5, 2016 in IPR2016-00441 and IPR2016-00442. ACH then filed its renewed motion to stay on July 15, 2016. At the request of the parties, the Court extended the response deadline and the motion was fully briefed on September 6, 2016.

ACH asserts that a stay is appropriate because it will not unduly prejudice AA/STP, it will simplify the issues for trial, the case is in its early stages and it will reduce the burden on the parties and the Court. The PTAB instituted trial on all four grounds asserted in the IPR petitions against claim 38—the sole claim asserted in this case—as well as every ground asserted by ACH against every claim of the '943 patent. ACH states that discovery is incomplete and ongoing and the only deposition taken in the case so far concerned jurisdictional discovery. ACH's petitions challenging the claims of the '943 patent include challenges under 35 U.S.C. §§ 102 and 103. As a result, ACH asserts that the PTAB's decision will affect the claim construction opinion and validity issues, such that a stay will reduce the burden on the parties and the Court.

AA/STP argues that a stay would be prejudicial because the parties are direct competitors and AA/STP's damages are ongoing. Further, AA/STP contends that ACH should not benefit from its repeated efforts to delay this case through procedural motions. AA/STP asserts that the institution of IPR proceedings does not automatically mean that a stay will simplify the issues. In addition, AA/STP argues that its pending non-patent infringement claims weigh against a stay

pending IPR. AA/STP submits that this case has reached an advanced stage and should not be stayed.

## APPLICABLE LAW

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *NFC Technology LLC v. HTC America, Inc.,* Civil Action No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (Bryson, J.); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"). A stay pending an administrative proceeding is not automatic, but rather it is based on the circumstances of the individual case. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co*., 490 F.Supp.2d 749, 755 (E.D. Tex. Oct. 25, 2006). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936); *Gonzalez v. Infostream Grp., Inc*., Civil Action No. 2:14-CV-906, ECF 45 (E.D. Tex. Mar. 2, 2015).

In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (request for a stay pending inter partes re-examination). "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *NFC Technology*, 2015 WL 1069111, at *1 (citing *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, Civil Action No. 5:13-CV-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014)); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc*., Civil Action No. 6:14-CV-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Technology*, 2015 WL 1069111, at *2.[1] "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id*.

## ANALYSIS

### 1. *Undue Prejudice or Clear Tactical Advantage*

A plaintiff's interest in proceeding in a timely manner is given weight in the analysis of whether a stay should be granted pending IPR. *See Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*, Civil Action No. 2:13-CV-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) (citing *Ambato Media, LLC v. Clarion Co., Ltd*., Civil Action No. 2:09-CV-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012) (acknowledging that a patent holder has "an interest in the timely enforcement of its patent right"). This interest is present in every patent case where a patentee is opposing a stay, however, and that interest alone is not sufficient to defeat a motion to stay. *NFC Technology*, 2015 WL 106911, at *2; *E-Watch, Inc. v. Lorex Canada, Inc.*, Civil Action No. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013). When a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, "mere delay in collecting those damages does not constitute undue prejudice." *Crossroads Systems, Inc. v. Dot Hill Systems Corp*., Case No. 13-CA-1025, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *see also Asetek Holdings, Inc. v. Cooler Master Co*., Civil Action No. 13-

---

[1] The analysis previously applied to *inter partes* reexamination continues to apply to the newer *inter partes* review. *See Virtual Agility, Inc. v. Salesforce.com, Inc*., Civil Action No. 2:13-CV-11, 2014 WL 94371 (E.D. Tex. Jan. 9, 2014).

CV-457, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) ("Delay alone does not usually constitute undue prejudice, because the parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework") (internal quotations omitted).

When parties are competitors in the marketplace, delays in litigation are especially burdensome and weigh more heavily in favor of denying a stay. *Invensys Systems, Inc. v. Emerson Electric Co.*, Civil Action No. 6:12-CV-799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014). AA/STP asserts that its product is sold side-by-side ACH's product in the same store, necessitating timely enforcement of its patent rights. Based on these facts, a stay would result in some degree of prejudice to AA/STP. This factor weighs against a stay.

### 2. *Simplification of the Issues*

Whether the *inter partes* review proceeding will result in simplification of the issues before the Court is viewed as the most important factor when evaluating a motion to stay. *See NFC Technology*, 2015 WL 1069111, at *4. ACH argues that resolution of the *inter partes* review is likely to simplify this case by eliminating or narrowing issues for trial because the PTAB found a "reasonable likelihood" that all claims of the '943 patent, including the only asserted claim—claim 38, are invalid as anticipated or rendered obvious by prior art. If ACH prevails in the IPR, then claim 38 will be invalidated. Even if claim 38 is not invalidated, the IPR proceedings will remove prior art from this case and ACH will be estopped from presenting the same grounds of challenge that it raised or could have raised during IPR in this case under the estoppel provisions of 35 U.S.C. § 315(e)(2).

Notably, the PTAB granted *inter partes* review of the sole asserted claim in the '943 patent, and also granted review of every other claim in the '943 patent on every ground asserted.

The grant of *inter partes* review is treated as a highly significant factor in the Court's determination of whether to stay cases pending PTAB review because this ordinarily means that there is a substantial likelihood of simplification of litigation. *NFC Technology*, 2015 WL 1069111, at *4. Parallel district court litigation ordinarily should be stayed. *Id*. The likelihood of simplification is far more speculative before the PTAB decides whether to institute *inter partes* review. *Id*. Since the decision in *VirtualAgility*, courts generally grant motions to stay when the PTAB institutes *inter partes* review.[2]

As stated above, a stay is particularly justified when the PTAB's decision is likely to assist the court in determining patent validity. In this case, the fact that the PTAB instituted review on the sole asserted claim is a factor that increases the likelihood that a stay pending the outcome of *inter partes* review would simplify the issues at trial. The final decision in the *inter partes* review of the '943 patent could invalidate the asserted claim.

AA/STP argues that the issues will not be simplified as to the asserted non-patent claims. AA/STP does not identify any specific prejudice from a delay in the resolution of those claims other than the inherent prejudice to a plaintiff stemming from any delay in the proceedings. ACH notes that, as to the trademark and unfair competition claims, the Trademark Trial and Appeal Board suspended its trademark cancellation proceedings during the pendency of this litigation, but noted that it would "entertain a motion to resume" the proceeding if this civil action is dismissed or stayed.[3]

AA/STP relies on several out-of-district cases where the case included patent and non–patent claims and the district court denied a motion stay. In each of those cases, however, the

---

[2] *See NFC Technology*, 2015 WL 1069111, at *6 (detailed list of post-*VirtualAgility* decisions granting motions to stay after the PTAB instituted *inter partes* review); *see also Ericsson Inc., et al. v. TCL Communication Technology Holdings, Ltd., et al*., Civil Action No. 2:15-CV-11, ECF 270, at *5 (E.D. Tex. Mar. 23, 2016).

[3] *See* Defendant Aerospace Communications Holdings Co., Ltd.'s Renewed Motion to Stay Pending the Inter Partes Review Proceedings, ECF 154, Ex. 6, at *5.

courts did not thoroughly analyze this factor and other factors significantly influenced the decision to deny the stay. In *Nippon Steel & Sumito Metal Corp.*, 2013 WL 1867042 (D. NJ. May 2, 2013), for example, review was not granted on all asserted claims of the patent-in-suit which contributed to the determination that a stay would not simplify the issues. In *Cognex Corp. v. National Instruments Corp.*, 2001 WL 34368283 (D. Del. June 29, 2001), the court noted that the case included other claims, but focused its analysis on the delay in the filing of the motion to stay and the significant advancement of the case.

On balance, this factor weighs in favor of granting a stay. The significant benefit in the form of simplification of the patent issues flowing from the *inter partes* review outweighs the potential lack of simplification for the non-patent claims.

### 3. *Discovery and Trial Date*

At the time the motion was filed, discovery was not complete and only one deposition related to jurisdictional discovery had been completed. The *Markman* hearing was conducted on July 1, 2016—four days prior to the PTAB instituting review. The Court has not entered a claim construction order. ACH filed its renewed motion ten days after the PTAB instituted review. At that time, the trial setting was seven months away.

Evaluating this factor as a whole with the unique facts of this case, this factor weighs in favor of a stay. Although not dispositive, the Court accords some weight to the timing of ACH's initial motion to stay. *See E-Watch Inc., et al. v. Apple, Inc.*, Civil Action No. 2:13-CV-1061, ECF 333, at *5 (E.D. Tex. Mar. 25, 2015). ACH filed the original motion to stay one year prior to trial and, at that time, the parties had not reached their deadline to exchange proposed claim terms. Accordingly, the parties also had not yet filed their P.R. 4-3 Joint Claim Construction and Prehearing Statement or any claim construction briefing. Seven months remained until the

deadline to complete fact discovery and more than eight months remained for expert discovery. After the Court denied the motion to stay without prejudice, ACH renewed its motion to stay promptly when the PTAB instituted review.

Here, the majority of the expenses that the parties will incur are still in the future. The parties have not yet incurred expenses related to dispositive motion briefing and argument, pretrial preparation and trial preparation, which impose the most significant expenses in litigation. Denying a stay could potentially impose expenses that could be avoided if the results of the *inter partes* review end up simplifying the issues at trial. In sum, this factor weighs in favor of a stay.

## CONCLUSION

The Court has weighed all of the factors affecting the decision of whether to grant a stay pending *inter partes* review and concludes that, overall, the factors weigh in favor of granting the motion to stay. Accordingly, it is hereby

**ORDERED** that Defendant Aerospace Communications Holdings Co., Ltd.'s Renewed Motion to Stay Pending the *Inter Partes* Review Proceedings (ECF 154) is **GRANTED**. The above-styled lawsuit is **STAYED** pending the final written decisions from the Patent Trial and Appeal Board on ACH's petitions for *inter partes* review—IPR2016-00441 and IPR2016-00442. It is further

**ORDERED** that within ten days of the latest final written decision by the PTAB on the ACH IPR petitions, the parties shall file a joint status report in this case. The joint status report shall address the status of the IPR petitions and whether the stay should be lifted.

So ORDERED and SIGNED this 28th day of October, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE